# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Salieri Group, Inc.,                           :
                              Appellant         :
                                               :
              v.                               :   No. 781 C.D. 2015
                                               :   Submitted: November 17, 2015
Beaver County Auxiliary Appeal                 :
Board, County of Beaver, Big                   :
Beaver Borough, and Beaver Falls               :
School District                                :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
JUDGE LEADBETTER                          FILED:  January 11, 2016


          Appellant, the Salieri Group Inc., appeals from the order of the Court of Common Pleas of Beaver County dismissing its real estate tax assessment appeal.  We affirm.

          Appellant's property, Tax Parcel No. 53-123-04222.000, is used as retail office space in a strip mall located at 6798 Big Beaver Boulevard, Beaver Falls, Pennsylvania 15010.  Appellant purchased the property for $1.1 million in 2007 and asserts that the area where the property is located has experienced significant economic decline over the past several years.

          On August 30, 2012, Appellant filed an assessment appeal with the Beaver County Auxiliary Appeal Board (now known as the Beaver County Board

of Assessment Appeals) (Assessment Board), seeking a reduction in assessment. At the time the appeal was filed, the Property Record Card, which contains the assessment record, indicated that the property had a current market value totaling $860,000: $379,700 attributed to the land and $480,300 attributed to the building. Reproduced Record (R.R.) at 56a-58a. The Beaver County established predetermined ratio (EPR)[1] was 50%, which resulted in an assessed value for the property of $430,000. *Id*. at 11a, 58a. The common level ratios (CLR)[2] for Beaver County for the years 2011 through 2013 were: 34.1%, 31.5%, and 29.3%. *Id*. at 59a-61a. Applying a 50% EPR, the Assessment Board entered the following decision:

| | | | | |
|---|---|---|---|---|
| Current Market Land: | 379,700 | | Current Assessed Land: | 189,850 |
| Current Market Bldg: | 480,300 | | Current Assessed Bldg: | 240,150 |
| Current Market Total: | 860,000 | | Current Assessed Total: | 430,000 |

### BOARD DECISION:  NO CHANGE WAS MADE

*Id*. at 8a. Appellant appealed the Assessment Board's decision to common pleas, asserting, *inter alia*, that the actual "market value" upon which the assessment is

---

[1] An EPR is "[t]he ratio of assessed value to market value established by the board of county commissioners and uniformly applied in determining assessed value in any year." Section 8802 of the Consolidated County Assessment Law, *as amended*, 53 Pa. C.S. § 8802. A "base year" is "[t]he year upon which real property market values are based for the most recent countywide revision of assessment of real property or other prior year upon which the market value of all real property of the county is based for assessment purposes." *Id*. Real property's "market values shall be equalized within the county," and "any changes by the board shall be expressed in terms of base-year values." *Id*.

[2] A "common level ratio" is "[t]he ratio of assessed value to current market value used generally in the county and published by the State Tax Equalization Board on or before July 1 of the year prior to the tax year on appeal before the board [of assessment appeals] under the act of June 27, 1947 (P.L. 1046 …), referred to as the State Tax Equalization Board Law." Section 8802 of the Consolidated County Assessment Law, *as amended*, 53 Pa. C.S. § 8802.

2

based is in excess of the property's current market value; the ratio of its assessed value to market value is in excess of the ratio commonly prevailing in Beaver County; the common level ratio as applied varies excessively from the EPR; and the method used by the Assessment Board to establish the market value of the property is arbitrary and illegal. *Id*. at 5a-6a. According to Appellant the property's current market value for tax assessment purposes was lower than that determined by the Assessment Board. *Id*. at 6a.

In its brief submitted to common pleas, Appellant argued that in 2013, the ratio of assessed value to market value (i.e., the CLR) for properties in Beaver County was 29.3%, whereas its property was assessed using the EPR (50%), and therefore, the property was not uniformly assessed as compared to other properties located in Beaver County.[3] Subsequently, common pleas held a *de novo* hearing at which Michael P. Kohlman, chief county assessor, was the sole witness. The tax maps, relevant assessment rolls, the property record cards and CLR documents were identified and admitted into evidence. Kohlman testified that the property was assessed at $430,000 for each of the relevant years. Notes of Testimony (N.T.) at 7; R.R. at 73a. The land was assessed at $189,850 and the building was assessed at $240,150. *Id*.; R.R. at 73a. According to Kohlman, the property record

---

[3] Appellant's witness further stated that:

> [t]o the extent the Court finds the CLR insufficient to satisfy [Appellant's] burden of establishing non-uniformity, the [Appellant] has compiled a spreadsheet of fifteen (15) recently sold comparable properties in Beaver County (the "Comparables"), and by using the sale price of the Comparables as the market value thereof, the Group has calculated the average ratio of assessed value to market value for those Comparables. Based on these calculations, the ratio of assessed value to market value for comparable properties located in Beaver County is just 20%.

R.R. at 32a-33a. Appellant attached the Comparables as Exhibit D to its brief. *Id*. at 47a. This chart was neither authenticated nor offered into evidence.

cards reflect that "[t]he *base year* market value here for the '13 tax year is $860,000. The '14 tax year is $860,000, and the '15 tax year is $860,000." *Id*. at 9; R.R. at 75a (emphasis added). Kohlman affirmed that the property record card indicated a base year market value and explained that the application of the EPR to the base year value rendered an assessed value of $430,000 for each year at issue. *Id*. at 9-10; R.R. at 75a-76a. Kohlman then went on to testify that he calculated the "implied" current market value of the property by dividing the assessed value of $430,000 by the CLR. *Id*. at 10-11; R.R. at 76a-77a. Kohlman stated that the Assessment Board usually applies the CLR ratio in all assessment appeals. *Id.* at 14-15; R.R. at 80a-81a.

At the hearing, Appellant asserted that it construed the Assessment Board's decision as a determination that the property had a current market value of $860,000. Appellant argued that the Assessment Board erred in failing to apply the CLR to that value as required by the Consolidated County Assessment Law. *Id*. at 22-23; R.R. at 88a-89a. Appellant did not put on any witnesses and did not submit any evidence regarding actual market value.

Common pleas dismissed the appeal because the taxing authority offered the "only evidence of current market value" and because Appellant failed to offer evidence of a contrary value. Common Pleas' March 31, 2015 Opinion. Common pleas adopted the evidence provided by the taxing authority. In its order, common pleas found that the market value of the property was "$1,260,997.00 in 2011 (for the 2012 tax year), $1,365,079.00 in 2012 (for the 2013 tax year), and $1,467,576.00 in 2013 (for the 2014 tax year[)], consistent with Kohlman's calculation of 'implied' current market value. Application of the common level

4

ratio for each tax year results in no change of the taxes due to the three taxing bodies." Common Pleas' March 31, 2015 Order.

Appellant alleges that common pleas erred by basing its decision upon the facially invalid "implied" market values submitted on behalf of the Appellees, and thus failed to properly determine the property's current market value in accordance with Section 8854(a)(2)-(3) of the Consolidated County Assessment Law, 53 Pa. C.S. § 8854(a)(2)-(3).[4] Appellant also asserts that common pleas erred by dismissing its appeal on the basis that it did not offer any contrary evidence of current market value. Appellant contends that because a uniformity challenge is not based on a dispute over the property's market value, it was not required to offer any evidence of current market value and, therefore, common pleas' dismissal of its appeal on this basis was error. Appellant further argues that common pleas erred by utilizing the wrong CLR in calculating the implied market values for the property for each tax year at issue. Finally, Appellant maintains that common

---

[4] Section 8854(a)(2) and (3) of the Consolidated County Assessment Law provides:
>  (2) In any appeal of an assessment the court shall make the following determinations:
>  (i) The market value as of the date the appeal was filed before the board. In the event subsequent years have been made a part of the appeal, the court shall determine the market value for each year.
>  (ii) The [CLR] which was applicable in the original appeal to the board. In the event subsequent years have been made a part of the appeal, the court shall determine the applicable [CLR] for each year published by the State Tax Equalization Board on or before July 1 of the year prior to the tax year being appealed.
>  (3) The court, after determining the market value of the property pursuant to paragraph (2)(i), shall then apply the [EPR] to that value unless the corresponding [CLR] determined pursuant to paragraph (2)(ii) varies by more than 15% from the [EPR], in which case the court shall apply the applicable [CLR] to the corresponding market value of the property.

pleas erred in issuing a decision for the 2012 tax year, when only the 2013 tax year, and all subsequent years, was before it on appeal.

Turning to Appellant's first argument, we agree that Kohlman's calculation of "implied" current market value, accepted by common pleas, does not comport with the Consolidated County Assessment Law, which provides that actual value may be determined using the cost approach, the comparable sales approach and the income approach, all of which must be considered in conjunction with one another. Section 8842(b)(1)(iii) of the Consolidated County Assessment Law, 53 Pa. C.S. § 8842(b)(1)(iii). The price at which a property may actually have been sold in the base year or in the current taxable year must be considered in determining actual value, but it "shall not be controlling." Section 8842(b)(1)(i) of the Consolidated County Assessment Law, 53 Pa. C.S. § 8842(b)(1)(i). As is self-evident, Kohlman's calculations were nothing more than a circular route to the original assessed values on the property record card, i.e., he *divided* the assessed value by each year's CLR to find the "implied market values," such that when these values were *multiplied* by the CLR, the original assessed values would always be the remainder. For the reasons stated below, however, this error was harmless.

Section 8842(a) of the Consolidated County Assessment Law, 53 Pa. C.S. § 8842(a), provides:

> The county assessment office shall assess real property at a value based upon an [EPR] which may not exceed 100% of actual value. The ratio shall be established and determined by the board of county commissioners by ordinance. In arriving at actual value, the county may utilize the current market value or it may adopt a base-year market value.

6

An actual value is a market value or a fair market value, i.e., the price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied. *Green v. Schuylkill Cnty. Bd. of Assessment Appeals*, 772 A.2d 419, 425 n.6 (Pa. 2001).

Section 8844(c)(1) of the Consolidated County Assessment Law, 53 Pa. C.S. § 8844(c)(1), provides that any person aggrieved by any assessment, whether or not the value shall have been changed since the preceding annual assessments, may appeal to the county assessment board for relief. In an assessment appeal, the board must make the following determinations, essentially on the same basis as must the court of common pleas:

> In any assessment appeal, the board shall determine the market value of the property as of the date such appeal was filed before the board and shall apply the [EPR] to that value, unless the [CLR] last published by the State Tax Equalization Board varies by more than 15% from the [EPR], in which case the board shall apply that same [CLR] to the market value of the property.

Section 8844(e)(2) of the Consolidated County Assessment Law, 53 Pa. C.S. § 8844(e)(2).

In an appeal from an assessment board's decision, the trial court conducts a *de novo* review. *Deitch Co. v. Bd. of Prop. Assessment, Appeals, & Review of Allegheny Cnty.*, 209 A.2d 397, 402 (Pa. 1965). In *Green*, the Pennsylvania Supreme Court discussed the order of proof required in an assessment appeal, stating:

> The procedure requires that the taxing authority first present its assessment record into evidence. Such

> presentation makes out a *prima facie* case for the validity of the assessment in the sense that it fixes the time when the burden of coming forward with evidence shifts to the taxpayer. If the taxpayer fails to respond with credible, relevant evidence, then the taxing body prevails. But *once the taxpayer produces sufficient proof to overcome its initially allotted status*, the *prima facie* significance of the Board's assessment figure has served its procedural purpose, and its value as an evidentiary devise is ended. Thereafter, such record, of itself, loses the weight previously accorded to it and may not then influence the court's determination of the assessment's correctness.

772 A.2d at 425-26 (emphasis added).

While common pleas' acceptance of the "implied market value" as proof of the current fair market value was not in accordance with the statutory procedure, the court correctly dismissed the appeal on the basis that Appellant failed to rebut the Assessment Board's *prima facie* case. The Assessment Board through the testimony of the county assessor introduced the property record cards for the years 2013-2015. The property record cards reflected a total value of $860,000: $379,700 attributed to the land and $480,300 attributed to the building. R.R. at 56a-58a. The property record card also reflected that the assessed value was $430,000 based on the application of a 50% EPR. *Id*. Kohlman testified that the $860,000 value was the property's base year value. R.R. at 75a-76a. Through this evidence, the Assessment Board established its *prima facie* case for the validity of the assessment. Appellant did not provide any evidence to rebut the validity of the assessment or to establish the current market value of the property. Appellant's attempt to interpret the Assessment Board's decision to mean that the Board found an actual current market value of $860,000 is simply unsupported by the record. Although there is no record of the Board's proceedings, nothing in the

8

record certified to this court suggests that any evidence of fair market value was presented to the Board. What is clear from the record is that the $860,000 figure which the Board explicitly refused to change was the base year value in the assessment record. Before common pleas, and similarly before the Board, Appellant was required to come forward with or adduce evidence to rebut the validity of the assessment record, but failed to do so. Accordingly, the assessed values in that record prevailed. As noted above, the circular computation involving "implied market values" accepted by common pleas resulted in the same values, so it's error in adopting that method was harmless.[5]

We now turn to Appellant's argument that it has asserted a uniformity challenge. Article VIII, Section 1 of the Pennsylvania Constitution provides that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws." This constitutional uniformity requirement is based on the general principle that "taxpayers should pay no more or less than their proportionate share of government." *Downingtown Area Sch. Dist. v. Chester Cnty. Bd. of Assessment Appeals*, 913 A.2d 194, 199 (Pa. 2006). To meet the uniformity requirement, "all property must be taxed uniformly, with the same ratio of the assessed value to actual value applied throughout the taxing jurisdiction." *Clifton v. Allegheny Cnty.*, 969 A.2d 1197, 1224 (Pa. 2009). To prevail in a uniformity challenge, a taxpayer must show that the proportion of assessed value to market value is higher for his property than that which prevails in the taxing district. *Downingtown,* 913

---

[5] In light of this holding, we need not address Appellant's argument that the court used the wrong CLR in calculating the "implied" market value. Similarly, since no change was ordered for the 2012 tax year, the question of whether that year was properly before common pleas is moot.

A.2d at 199. *See also, Clifton.* However, without current market value information, a court has no basis upon which to determine the issue of uniformity. As far as we can discern, Appellant's argument is based on a flawed understanding that the Assessment Board found that the property had a current market value of $860,000. Because the credited evidence demonstrates that $860,000 is the base year value, and Appellant failed to adduce any evidence regarding either the current market value of its property or other properties, Appellant has not demonstrated a lack of uniformity.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Salieri Group, Inc.,                          :
                        Appellant             :
                                              :
            v.                                :        No. 781 C.D. 2015
                                              :
Beaver County Auxiliary Appeal               :
Board, County of Beaver, Big                  :
Beaver Borough, and Beaver Falls             :
School District                               :

# **O R D E R**

AND NOW, this 11th day of January, 2016, the order of the Court of Common Pleas of Beaver County is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge